In The United States District Court
for The Northern District of Texas



Dustin Lynn Bates #0967626
100 North Lamar Street
Fort Worth, Texas 76196

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
APR 29 2021
CLERK, U.S. DISTRICT COURT
By_____
Deputy

4-21CV-607-P

V.                    Case No. _____

Officer J. Granado officiating for The City of Lake Worth P.D.
3805 Adam Grubb Street Lake Worth, Texas 76135

The City of Lake Worth Police Department
3805 Adam Grubb Street Lake Worth, Texas 76135

John Peter Smith Hospital
1500 South Main Street Fort Worth, Texas 76104

Tarrant County Sheriff's Department
200 Taylor Street Fort Worth, Texas 76196

I. Previous Law suits:
  A. Have you filed any other lawsuits in State or
     Federal Court relating to your imprisonment? <u>NO</u>
  B. Not Applicable

II. Place of Present Confinement: <u>Tarrant County Jail, Texas</u>

III. Exhaustion of Grievance Procedures:
   Have you exhausted all steps of the institutional
   grievance procedure? <u>YES</u>  (15 Grievances total Attached)

IV. Parties to this Suit:
  A. Name and Address of Plaintiff:
     Dustin Lynn Bates
     100 North Lamar Street
     Fort Worth, Texas 76196

  B. Full name of each defendant, his official position,
   his place of employment, and his full <u>mailing</u> address.

   Defendant #1: Officer J. Granado
    employed: The City of Lake Worth Police Department
  Mailing Address: 3805 Adam Grubb Street
      Lake Worth, Texas 76135

Briefly describe the Act(s) or omission(s) of this Defendant which you claimed harmed you.

On November 23, 2020, on Hwy 199 (Jacksboro Hwy), Loop 820, and in the vicinity of Marine Creek Parkway, Officer J. Granado officiating for the City of Lake Worth Police Department targeted Plaintiff while riding his super/sport Motorcycle (often called crotch rockets), in the of L.W.P.D.'s ongoing Conspiracy against the civil rights of S/S Motorcyclist (18 U.S.C.A. § 241), based on their discrimination against S/S Motorcyclist in Comparison to other Automobile, truck, and vehicle operators on Public Roadways (41 C.F.R. § 60-3.3), In the City of Lake Worth P.D.'s ongoing conspiracy to interfere with the Civil rights of S/S Motorcycle riders (42 U.S.C.A. § 1985) and their ongoing harrassment and Intimidation of S/S Motorcyclist while in the safety of Public roadway's in, on, and around The City of Lake Worth (42 U.S.C.A. § 1983) (Fifth and Sixth Amendments U.S.C.A.). Officer J. Granado Targeted plaintiff maliciously and with deadly Conduct without probable cause. In the Heavy traffic of late Afternoon/early evening Officer J. Granado targeted Plaintiff from a private parking lot, approximately 60 feet away, across

three lanes of congested traffic while plaintiff was sitting at a Red Light, on his S/S Motorcycle. Plaintiff made no traffic violations at anytime. Plaintiff is first to the traffic



light, Officer J. Granado doesn't move, nor does he activate his lights, clearly showing in his actions that he hasn't observed any traffic violations. It only stands to reason

that if Plaintiff had made a traffic violation Officer Granado would have activated his Lights when alleged traffic violation occured. But there was no traffic violation and the Fourth and Fourteenth Amendments of the U.S.C.A. do not allow search and seizure of plaintiff without probable cause, which can only be established by observation of a traffic violation (United States v. Frazier) U.S.D.C., D. Utah June 13, 2020 467 F. Supp 3d 144. Plaintiff pulled up to the Red Light and observed Officer J. Granado in his periphial vision, approx 60ft to plaintiff right, parallel to plaintiff, as the heavy traffic filled in between us. After a short time plaintiff observed Officer Granados S.U.V. began to move toward the North, and coming to a break in the island's in the private parking lot. Officer Granado then turns his lights on to force thru three lanes of stand still traffic, and then turns his lights off again as soon as he clears the last lane and then pulls up behind plaintiff, who is still waiting on the Red Light to turn green. If it wasn't clear enough already. that there was never any traffic violations and therefore no probable cause, there could be absolutely no doubt now by Officer Granado's action that he targeted plaintiff without probable cause.

Officer Granado claims in his offense report that plaintiffs liscense plate is obscured and he can't read it then he claims that my liscense plate is obscured and he can't read it, then he claims that my liscense plate is registered to a different Motorcycle. One claim is completely Contradictory to the other, he either sees it or he doesn't. And neither of his claims have merit a it is impossible for him to see my liscense plate from his position in the private parking lot. United States v. Feliciano U.S. Court of Appeals, 4th cir Sept 11, 2020 974 F.3d 519 (Scofield v. City of Detroit) U.S. District Court E.D. Michigan S.D. Sept 29, 2020 490 F Supp. 3d 1213

Officer J. Granado, as soon as the Red Light turns green, turns his lights on again as evidence that he is now conducting a traffic stop (Scofield v. City of Detroit) (United States v. Wilson) U.S. Court of Appeals 11th Cir Oct. 27, 2020 979 F.3d 889. Officer Granado then began to chase plaintiff down loop 820, Traffic is bad. Plaintiff lay's the Motorcycle down Gently in the grass between 820 and the exit ramp. Plaintiff gets up off the ground uninjured and turns around to see Officer J. Granado coming strait at him at a high rate of speed. Plaintiff in fear of his life runs to get out of his way, up onto the exit ramp, across it and into the grass on the other side to Safety between the exit ramp and the service road.

Not toward the Officer, Not away from the Officer,

but to his direct right approx 20-30ft. Officer J. Granado then knowingly and intentionally, changes his course, putting plaintiff with his police issued S.U.V. at a high rate of speed causing plaintiff extensive severe bodily Injury to wit: A fractured Spine, 3 broken ribs, plaintiff's right knee torn ACL and a torn Muniscus, plaintiff's right leg broken in two places, and in plaintiff's right knee a torn AcL and a torn Muniscus, while plaintiff was unarmed, on foot, and in the safety of the grass. Officer J. Granado's assault on me clearly violates plaintiff's (Fourth, Fifth Sixth and fourteenth Amendment rights U.S.C.A)



Police

Plaintiff lays the Bike Down here, and it stays here

(plaintiff running to Safety)

Police LAKE WORTH

Pg. 7 of 23

OFF

I Land here and have been in a wheelchair ever since

Officer J. Granado's assault on me clearly violates plaintiff's (Fourth, Fifth, Sixth, and Fourteenth Amendment rights to the U.S.C.A.) Officer J. Granado then exited his Police Issued S.U.V., pointed a loaded gun at me and began threatening to shoot me, screaming, "Don't make me shoot you", as plaintiff lay writhing in pain and shock on the ground, Officer J. Granado then for the Second time, deprives plaintiff of his Fifth, and Sixth Amendment rights to be free from Police Harrassment and Intimidation as well as cruel and unusual punishment (42 U.S.C.A §1983) and for the Second time deprives plaintiff of his Fourth and Fourteenth Amendment rights to bodily integrity and physical Liberty under due proces of Law, and runs up flips plaintiff over and jombs his knee into plaintiff's broken back and ribs, twists plaintiff's arms behind his back and places plaintiff in handcuffs; establishing that seizure did take place. Excessive force under the Fourth Amendment U.S.C.A. is established by the following elements: (1.) an injury. All of the above listed injuries plaintiff did incur when Officer J. Granado slammed into him with the Crash bars on the front of his S.U.V. at a high rate of Speed, and plaintiff sustained all the above listed injuries thru the protection of proffessional riding gear. That's how hard Officer Granado hit plaintiff, and Plaintiff's injuries are documented as follows:

John Peter Smith Hospital, Tarrant County, Texas.

Bates, Dustin Lynn  D.O.B. 1-27-1980 MRN: 51541566

J.P.S. Hospital reports, report,"Patient was hit by Police S.U.V. at unknown speed knocking him up into the air turning 2-3 flips before coming back down to rest with the above listed injuries. (2) which is a direct result. All the above listed injuries are a direct result of Officer J. Granado ramming plaintiff with his Police Issued S.U.V. at a high rate of Speed causing extensive severe bodily injury with deadly force and with a deadly weapon (18 U.S.C.A. § 111(b)) Then Officer J. Granado then furthered his Excessive Force with a second assault, after having run over plaintiff with his S.U.V. (3) The Excessive Force of both assaults unreasonable as plaintiff is unarmed, on foot, and in the grass alone, and for certain no threat to Officer or anyone else after Officer's first assault on plaintiff with a Deadly Weapon (police issued s.u.v) and with Deadly Force rendering Plaintiff helpless with extensive severe bodily injury to the point of requiring surgery and having to be Transported by Ambulance to John Peter Smith Hospital from the Scene. (Ratliff v. Aransas County, Texas) United States District Court of Appeals, 5th Circuit January 15, 2020 948 F. 3d 281 2020 WL 219011. Officer J. Granado did deprive plaintiff of his rights under the Color of Law (18 U.S.C.A. § 242) as stated in the fore mentioned paragraphs of illegal search and seizure, without probable cause, excessive force,

plaintiff's rights to due Process, and physical Liberty. Officer J. Granado deprived plaintiff of 4th, 5th, 6th, 8th, and 14th Amendment rights U.S.C.A and plaintiff states his claim of that deprivation of rights in the foregoing paragraphs pursuant to (Fed. R. Civ. P.8(a)) (42 U.S.C.A. § 1983)

Defendant #2: The City of Lake Worth Police Department
   employed: The City of Lake Worth, Texas
Mailing Address: 3805 Adam Grubb Street
                 Fort Worth, Texas 76135

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you:

     Within minutes of Officer J. Granado's assault on me. The City of Lake Worth Police Department and the Officer's there in, officiating for the City of L.W.P.D., Officer J. Granado, Sgt. Bannon, and other Officers off duty and on duty on the Scene, but all officer's officiating under the color of Law (18 U.S.C.A. § 242) voiced and bragged of their conspiracy against plaintiffs rights (18 U.S.C.A. § 241) as a super/sport Motorcyclist, as well as threatened of their conspiracy to interfere with the civil rights of plaintiff as an S/S Motorcyclist (42 U.S.C.A. § 1985) In their ongoing harrassment of S/S Motorcycle Riders (42 U.S.C. A § 1983) as well

as their discrimination (41 C.F.R. § 60-3.3) against
S/S motorcyclist. Within a few minutes most of the
city of Lake Worth P.D. officer's were on the scene
Sargeant Bannon brags to plaintiff on the scene, "Alot
of people think we cant chase motorcycles, but we
can and we will, If you ride this type of Motor-
cycle thru Lake Worth, we are gonna pull you over,
check you out, and even chase you, Welcome to
Lake Worth." Sgt. Bannon threatening to violate
plaintiff's 4th and 14th Amendment rights (U.S.C.A.)
Multiple Officer's on the scene continually say
plaintiff should know better than to ride a
crotch rocket thru lake worth, If they see plaintiff
on an S/S Motorcycle they are gonna pull plaintiff
over chase plaintiff, etc. This is harrassment
and intimidation. Conspiracy against rights
(18 U.S.C.A § 241) Conspiracy to interfere with
plaintiff's civil rights (42 U.S.C.A. § 1985) Approx.
4-6 hrs later plaintiff is getting out of the hospital,
plaintiff is first transfered transported to the City
of L.W. P.D. /City Jail, where plaintiff is first
made aware of a fictitious drug charge that the
City of Lake Worth Police Officer's claim they found
drugs on the scene sometime after I was gone.
All dash and body camera's will show that plaintiff
was searched multiple times, and at no time were drugs
shown or even talked about in plaintiff's presence.

There were no drugs! Shortly there after two
more officers of the City of Lake Worth Police Dept.,
different than any of those that were on the scene,
transport me to Tarrant County Jail, a male and
a female officer. While putting plaintiff in the
Transport S.U.V. The Male officer starts asking
plaintiff about these drugs they claim they
found on the scene after plaintiff was gone.
Plaintiff told him that, "That's crazy that
they found that amount of drugs after plaintiff
was gone." Plaintiff's stated that there were no
drugs on him! What drugs?! Plaintiff asked,
"did yall find drugs on plaint off's Motorcycle?"
The Male officer said No they didn't find drugs
on plaintiff, nor did they find drugs on plaintiff's
Motorcycle. Plaintiff told the Male officer that
he didn't have any drugs. The Male officer then
Said "Well you should know better than to
ride a crotch rocket thru Lake Worth, we're gonna
Stop you and chase you". plaintiff responded,
"That's Profiling", The Male officer responded,
"Yea it is, so what." Clearly establishing the
City of Lake Worth Police Department's conspiracy
to interfere with civil rights (42 U.S.C.A. § 1985)
as well as deprivation of rights under the Color
of Law (18 U.S.C.A § 242) The City of Lake
Pg. 12 of 23  Worth Police officers, on the scene of Officer

J. Granado's assault on plaintiff, two or more Officers, voice their conspiracy, as well as Sgt. Bannon voice's his approval of Officer J. Granado's behavior and his confirmation that Plaintiff was targeted by Officer J. Granado without Probable Cause, as Sgt. Bannon is bragging about it on the scene. Next, then 4-6 hrs later two different Police Officers of the Lake Worth Police Department, on a different scene voice the same conspiracy, establishing that it is policy that is practiced by The City of Lake Worth Police Department to discriminate (41 C.F.R. § 60-3.3.) and harrass and intermidate (42 U.S.C.A. § 1983) and proof of their conspiracy against super/sport Motorcyclist Civil Rights (18 U.S.C.A § 241) and their future plans to interefere with plaintiff's Civil Rights as a Super/Sport Motorcyclist in their ongoing Conspiracy under the color of Law officiating as Officers for the City of Lake Worth Police Department (18 U.S.C.A. § 241, 242) (42 U.S.C.A. § 1985) These Police Officer's continue to conspire to deprive plaintiff of his rights to ride his super/sport Motorcycle without fear and harrassment (Fifth and Sixth Amend U.S.C.A.) a gauranteed plaintiff by his 4th, 5th, 6th, and 14th Amendment rights of the United States Constitution of America as a Citizen of The United States of America.

Furthermore, all of the afore mentioned Officers and Commander Connelly of The City of Lake Worth Police Department, have further conspired to Deprive plaintiff of his right to due process (42 U.S.C.A. § 1985) under the color of Law (18 U.S.C.A § 241, 242) and in their discrimination (41 C.F.R. § 60-3.3) against plaintiff as a S/S Motorcyclist, often referred to as a crotch rocket, have created ficticious charges against plaintiff, and using ficticious offense reports presented to two different empanelments of Grand Jurors, The City of Lake Worth Police Department has managed to render two completely seperate Indictments for one incident. All dash and body camera as well as audio recordings will show that there were No Drugs ever in my presence, not shown, nor talked about anywhere on the scene. Upon leaving the scene in the ambulance, Plaintiff asked Sgt. Bannon what charges he was being arrested on? Sgt. Bannon responds, "Evading arrest in a Motor vehicle, and a blue Warrant." No Drugs!, Whatsoever! All of the above forementioned Officers Officiating for the City of Lake Worth Police Department, and under policy established by Practices as a Police Dept. did deprive plaintiff of his rights under The Color of Law, (18 U.S.C.A § 242) as stated in the afore mentioned parag-raphs of due process and further confirmation of Officer J. Granado's targeting of plaintiff without probable cause, illegal search and seizure, harrassment and threat to physical Liberty. The City of Lake Worth Police Department deprived plaintiff of his 4th 5th 6, th 8th and 14th Amendment

Rights Guaranteed him by The United States Constitution

of America, and plaintiff states his claim of the deprivation of his Constitutional rights in the foregoing paragraphs pursuant to (Fed.R.Civ.P.8(a)(42 U.S.C.A.§1983) Additionally plaintiff has continually been denied of his right to report a crime committed against him by Officer J. Granado and plaintiff's right to press charges Officer J. Granado for his assault, and Commander Conally deprived plaintiff of his right to ~~due Process~~ due Process under the Equal Protection Clause (4th, 14th Amendment U.S.C.A.)
(attached 2 Indictments)

Defendant #3: John Peter Smith Hospital
1500 South Main Street
Fort Worth, Texas 76104


On November 23, 2020, I was transported to J.P.S. hospital accompanied with Sgt. Bannon of the City of Lake Worth Police Department after being hit by Police Issued S.U.V. Upon arrival at J.P.S. Emergency Room I advised medical staff that I had been hit by Police S.U.V. at a high rate of Speed, and that my right leg and knee and my back and upper torso were in severe pain. Regardless of Sgt. Bannon's attempt to downplay the situation, J.P.S. Hospital reports report that Patient was hit by Police S.U.V. at unknown speed knocking him 2-3 flips up into the air before coming down to rest with injuries. The E.R. did x-rays and discovered that my right leg was broken in two different places. Though I continued to complain of my back and torso they told me that my ribs were probably bruised. Approtor. 3 weeks later after my continued

Complaint to Tarrant County Sheriffs Department and J.P.S.
Medical staff at the Jail, Dr. Tatum (Ryan Tatum) ordered
more chest x-rays, revealing that I had a fractured spine
as well as 3 broken ribs in the back where Officer Granado
Slammed into me with the crash bars on the front of his S.U.V.
I went untreated by Tarrant County Sheriff's Dept. in Tarrant
County Jail and by J.P.S. Medical Staff for approx. 3 weeks
with a fractured spine and 3 broken ribs causing me much
pain and suffering due to Medical Malpractice and negligence
of E.R. Staff at J.P.S. Hospital on Nov. 23, 2020
after in their examination and treatment they missed
a total of 4 broken Bones in my upper body. (Tijerina V.
United States) U.S.D.C., E.D. Texarkana Division Mar. 27, 2018
WL-1477494 (V.T.C.A. Texas health and Safety Code § 242.002)
(All of the above claims are documented at J.P.S. Hospital
in Fort Worth, Texas under Bates, Dustin Lynn MRN:
5754166 D.O.B. 1-27-1989 Pursuant to (Fed.R.Civ.P. 8(a))
(4th 8th and 14th Amend U.S.C.A.) (attached 1 Grievance)
(attached hospital Arm band) (attached Medical bill)

          Defendant #4: Tarrant County Sheriff's Department
                         200 Taylor Street
                         Fort Worth, Tx 76196


          Briefly describe the act(s) or omission(s) of this
          defendant which you claimed harmed you.

On, February 26, 2021, I was transported to

I.P.S. Hospital for reconstructive knee surgery in the ongoing treatment I have been recieving for being hit by Police S.U.V. on Nov. 23, 2020. Upon my surgery, The Doctor's at J.P.S. Hospital changed my prescription Medication of 2 tylenol "3", 3x daily, to a prescription of percaset which they began administering at the time of my surgery. ~~The Doctors at~~ After Surgery I was transported back to Tarrant County Jail, where Medical staff denied me the Doctor's Prescription of percaset and instead gave me 1 tylenol "3", 3x daily, half the dosage I'd been taking before the surgery, Purposely, intentionally, and knowingly causing me Much more pain and suffering against a doctor's orders. Tarrant County Sheriff's Department changed my prescription against a Doctor's orders. Tarrant County Sheriff's Dept. Did this without me even being seen by another Doctor to make the prescription change This change caused me to be sick for 12 hrs, which I went untreated for and I was purposely left in pain for approx. 3 wks after My knee surgery. Doctor's say that my knee as well as my back and rib cage will always hurt do to these injuries, because of the damage done to my knee by Officer J. Granado, I will be disabled from Now on. (V.T.C.A. Texas Health and Safty Code § 242.002)

Additionally, Tarrant County Sheriff's Dept. has continued to deny me the right to press charges on Officer J. Granado for his assault on

me that took place in Tarrant County, Texas Nov. 23,

2020. Tarrant County Sheriff's Department has deprived me of due process under the color of Law (18 U.S.C.A § 242) as well as the (14ᵗʰ Amendment) right to bodily integrity. Plaintiff states his claim is of deprivation of his Civil Rights in all of the foregoing paragraphs Pursuant to Fed. R. Civ. P. 8(a) (42 U.S.C.A § 1983)(4ᵗʰ, 8ᵗʰ, 14ᵗʰ Amend. U.S.C.A.)

(attached 4 Grievances) (attached 12 Grievances)

V. Statement of Claim:

1.) On November 23, 2020, at approximately 4:30-6:30 pm off Loop 820 and the Marine Creek Pkwy exit on the edge of Lake Worth, Texas, Officer J. Granado officiating for The City of Lake Worth Police Dept., Intentionally and Knowingly, attempted to take My Life by ramming me with the Crash bars of his Police Issued S.U.V. at a high rate of Speed in his ongoing harrassment and discrement ation against Super Sport Motorcyclist, and finally Officer J. Granado did assault plaintiff with a deadly weapon, and with deadly force causing plaintiff severe bodily injury to the extent of Surgery in which I will be disabled and in chronic pain and suffering from now on.

2.) Within Minutes of the above described assault, the Majority of the City of Lake Worth Police Officers as well as their Sgt. Bannon were on the scene and showed complete lack of

concern for My health and safety, and further condoned Officer Granado's actions and bragged of his victory in bringing down another Super/Sport Motorcyclist, as well as voiced their approval of his Misconduct and added their own remarks and threats of Discrimination. These Officers then conspired to conjure up fictitious drug charges and farther went against their taken oaths as Police Officers to aquire illegitamate Indictments to cover up Officer Granado's assault as well as deny me the right to press charges on him.

3.) After leaving the above described scene, I was transported to John Peter Smith Hospital Emergency Room in Tarrant County, Texas. Where Hospital Staff were negligent in their examinations of my injuries and/or guilty of Medical Malpractice in their readings of their X-rays during my examinations leaving me in severe pain and suffering for weeks.

4.) On February 26, 2021, J.P.S. Hospital performed Knee Surgery in My ongoing treatment from injuries aquired in the above stated scene. Tarrant County Sheriff's Department denied me the prescribed Medication by Surgery Doctor's purposely causing me much pain and suffering as well as denied me

the right to press charges against Officer Granado for his aggravated assault with a deadly weapon on me on November 23, 2020.

## VI Relief:

I want the Honorable Court to open an investigation on the City of Lake Worth Police Dept. There is no telling how many other people there are that they have done this to and gotten away with it. The City of Lake Worth Police Dept Arrogantly Abuses their Authority and the extent they are so brazenly willing to go to cover up their corrupt behavior suggests a deep well established habit of blatant disrespect for the same set of rights that they take their oath upon. Officer J. Granado, even after having moved out of his way, purposely tried to kill me, the fact that I was wearing proffessional riding gear and the GoodLord was watching are the only reasons Im still alive. I want the Honorable Court to order the defendants to pay all medical and legal expenses now and in the future that pertain to or is a direct result of injuries of this incident, I further request of the Honorable Court to order Officer J. Granado and the City of Lake Worth Police Dept. to pay me 2.25 million U.S. dollars that Officer J. Granado will have caused me to lose over the next 25 years. I was a self-employed Licensed Electrician before Officer Granado Crippled me, that's about #90,000.00 per year, without pain and suffering. I also want the Honorable Court to order any and all criminal charges that pertain to and from this incident be dismissed or reversed, specifically Cause No. 1665332 D in the 371st District Court of Tarrant County, Texas and Cause No. 1665337 D in the 371st District Court of Tarrant County, Texas. I also want the Honorable Court to Order John Peter Smith Hospital and Tarrant County Sheriffs Dept. to each pay me #21,000.00 U.S. Dollars for the 3 wks that each of them left me in pain and suffering. I want the Honorable Court to additionally order both Tarrant County Sheriffs Dept., and The City of Lake Worth Police Dept to each pay me an additional #50,000.00 for denying me the right to press charges on Granado.

VII General Background Information:

A. Dustin Lynn Bates

B. TDCJ-ID #892567 #1232811 #837509
U.S.M #438-52-177

VII Sanctions:

A. Have you been sanctioned by any Court as a result
of any lawsuit you have filed? NO

B. Not Applicable

C. Has any Court ever warned or notified
you that sanctions could be imposed? NO

D. Not Applicable

Executed on: <u>April 26, 2021</u>
           Date               <u>Dustin Lynn Bates</u>

                             <u>Dustin Lynn Bates</u>
                             Signature of Plaintiff

# PLAINTIFF'S DECLERATIONS

1.) I declare under penalty of perjury all facts presented in this complaint and attachments there to are True and Correct.

2.) I understand, if I am released or transferred, it is my responsibility to keep the Court informed of my current mailing address and failure to do so may result in the dismissal of this Lawsuit.

3.) I understand I must exhaust all avaibble administrative remedies prior to filing this lawsuit.

4.) I understand I am prohibited from bringing an in forma pauperis lawsuit if I have brought three or more civil actions or appeals (from a judgement in a civil action) in a court of the United States while incarcerated or detained in any facility.

which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am in under imminent danger of serious physical injury.

5.) I understand even if I am allowed to proceed without payment of costs, I am responsible for the entire filing fee and costs assessed by the Court, which shall be deducted in accordance with the Law from my inmate trust account by my custodian until the filing fee is paid.

Signed this __26th__ day of __April__ __2021__.
           (Day)            (Month)      (yr)

Dustin Lynn Bates

Dustin Lynn Bates
Signature of plaintiff

Pg 23 of 23